BRADBY *v*. WAYNE CIRCUIT JUDGE.

1. ARREST—CAPIAS AD RESPONDENDUM—DECLARATION—AFFIDAVITS
—STATUTORY REQUIREMENT.
   The statute (3 Comp. Laws 1915, §§ 12415, 12416) does not
   require the declaration and supporting affidavits to be filed
   before or at the time of the issuance of a writ of *capias
   ad respondendum*, it being sufficient if they are furnished
   the judge or commissioner who indorses the bail, and are
   returned and filed with the original writ after service.

2. SAME—AFFIDAVITS—SUFFICIENCY—PERSONAL   KNOWLEDGE   OF
AFFIANT—COMMON KNOWLEDGE.
   Affidavits, in substance, that plaintiff is a minister of the
   gospel, that defendants were engaged in publishing and
   circulating a newspaper in the city of Detroit under a
   certain name, that certain newspaper articles which are
   libelous were published therein, setting them out at length,
   that the articles are untrue and libelous, *held*, sufficient
   to support the issuance of writs of *capias ad respon-
   dendum*, in an action for libel, and not open to the ob-
   jection that it was not alleged as being sufficiently within
   the personal knowledge of affiants, since it appears that
   the facts constituting the libel charged were common
   knowledge to those who knew the parties and had read
   the articles, and were not peculiarly within the knowledge
   of any particular person.

Mandamus by Robert L. Bradby to compel Adolph
F. Marschner, circuit judge of Wayne county, to vacate
an order quashing certain writs of *capias ad respon-
dendum*.    Submitted April 19, 1921.    (Calendar No.
29,081.)    Writ granted May 5, 1921.

*Francis H. Warren,* for plaintiff.

BIRD, J.    Plaintiff, Bradby, commenced two suits in
the Wayne circuit court by writs of *capias ad respon-

*dendum* against Charles Campbell and Fred A. Vannatter. The defendants, soon after being apprehended, moved to quash the writs on several grounds. Two of the grounds were held sufficient and the writs of *capias* were quashed, the court permitting the writs to stand as summonses in the cases. Plaintiff requests this court to issue a mandamus to compel defendant to set aside this order.

1. One of the grounds upon which the trial court based this order was the failure of plaintiff to file his declaration and supporting affidavits before service of the writ. The record shows that plaintiff filed with the clerk a *præcipe* for the writ, and after it was issued he attached his declaration and supporting affidavit to it, and the service was made. The officer then made his return and the writ, declaration and supporting affidavits were all filed at the same time. We have read with some care the sections of the statute regulating this practice, but we are unable to concur in defendant's view that the declaration and supporting affidavits must be filed before the writ is served. Section 12415, 3 Comp. Laws 1915, provides for the issuance of the writ and the indorsement thereon of an order for bail. The next section provides that:

"Such order shall be made only upon the presentation of a declaration supported by the affidavit of the plaintiff, or some other person having knowledge of the facts, and which declaration with the supporting affidavits, shall be filed, and copies thereof served with the writ."

This section makes it clear that it was intended that the judge or circuit court commissioner who makes the indorsement for bail shall be entitled to the benefit of the declaration and supporting affidavits as an aid in fixing the bail, and it also makes clear that the declaration and supporting affidavits should be filed and become a part of the files of the case. The language of

the statute, however, does not require the declaration and supporting affidavits to be filed before or at the time the writ issues, but it does require that they "shall be filed." Had the legislature intended that the filing of these papers should be a prerequisite to the validity of the writ, we think it would have so indicated in more appropriate and mandatory language. We are of the opinion that where the declaration and supporting affidavits are furnished the judge or commissioner who indorses the bail, and are returned and filed with the original writ after service, the requirements of the statute are substantially complied with.

2. The other ground upon which the court based his order was that the acts of defendants, which it is claimed constituted the libel, were not alleged as being sufficiently within the personal knowledge of the makers of the affidavits. It appears from the affidavits, in substance, that plaintiff is, and has been for several years, a minister of the gospel in the city of Detroit; that defendants were engaged in publishing and circulating a newspaper in the city of Detroit, called the "New Era," and that certain newspaper articles which are alleged to be libelous, of and concerning the plaintiff, were published therein. These articles are then set out at length. It is further charged that the articles were untrue and libelous. It does not appear that the facts constituting the libel were peculiarly within the knowledge of any particular person, but on the other hand it does appear that the facts were common knowledge to those who knew the parties and had read the newspaper articles. The material facts constituting the tort are sworn to in the affidavits by persons purporting to have a knowledge thereof and must be held sufficient to support the issuance of the writs.

There are other questions discussed by plaintiff's counsel, but inasmuch as these two questions were the only ones relied upon by the defendant in quashing the

writs, and as no brief has been filed on behalf of de-
fendant, we think further discussion is unnecessary.

The writ of mandamus will issue, if necessary, to
compel the setting aside of said order.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE,
CLARK, and SHARPE, JJ., concurred.