SPAULDING *v.* IONIA CIRCUIT JUDGE.

1. ARREST—CAPIAS AD RESPONDENDUM — MANDAMUS—RETURN TO ORDER TO SHOW CAUSE—STATUTES.
  Where the return of the circuit judge to the order to show cause states that he does not know and is unable to say whether the declaration was presented with the affidavit for a writ of *capias ad respondendum,* as re-

quired by 3 Comp. Laws 1915, § 12416, the Supreme Court is unable to determine that the statute was not complied with and the writ void.[1]

2. SAME—PROCESS—VALIDITY OF WRIT.
   Although the service was bad because 3 Comp. Laws 1915, § 12417, requiring a copy of the declaration to be served with the writ, was not complied with, this afforded no ground for quashing the writ.[2]

3. SAME—FAILURE TO SERVE COPY OF DECLARATION WITH WRIT.
   That the declaration need not be filed before service of the writ, does not excuse failure to serve a copy of the declaration with the writ as required by the statute.[3]

4. SAME—AFFIDAVIT FOR WRIT—ALLEGATIONS OF PERSONAL KNOWLEDGE NOT DESTROYED BY CORROBORATIVE STATEMENT.
   In the absence of a showing that affiant was not qualified to give competent evidence as to the diseased condition of cattle, his allegation in an affidavit for a writ of *capias ad respondendum* that he had personal knowledge of the fact that certain cattle were diseased was sufficient, and its effect was not destroyed by a further allegation that he was so informed by veterinary advice.[4]

Mandamus by Charles Spaulding to compel Royal A. Hawley, circuit judge of Ionia county, to quash a writ of *capias ad respondendum*.  Submitted June 8, 1926. (Calendar No. 32,411.)  Writ denied December 8, 1926.

*Watt & Colwell*, for plaintiff.

*Eldred & Gemuend*, for defendant.

WIEST, J.  Plaintiff herein was taken into custody by virtue of a writ of *capias ad respondendum* issued at the suit of Hulgar Larson, and gave special bail for his appearance in the suit.  He then appeared specially and moved to quash the writ on the grounds that, at the time bail was fixed by the circuit judge, no declaration accompanied the affidavit, no declara-

[1]Mandamus, 38 C. J. § 649 (Anno); [2]Arrest, 5 C. J. § 223 (Anno); [3]Id., 5 C. J. § 218 (Anno); [4]Id., 5 C. J. § 167.

tion was served with the writ or had then been filed in the suit and the affidavit for the writ shows on its face that the asserted facts were not within the personal knowledge of the affiant.   We here review the refusal of the circuit judge to quash the writ.

In the return the circuit judge states he does not know and is unable to say whether the declaration was presented with the affidavit for the writ.   The statute (3 Comp. Laws 1915, § 12416) requires the declaration to be presented with the affidavit for the writ.   The return, however, precludes a finding that the declaration was not so presented.   The statute (3 Comp. Laws 1915, § 12417) requires a copy of the declaration to be served with the writ.   This was not done, and for such failure the service was bad and might have been set aside, but afforded no ground for quashing the writ.

The *capias* was served November 20th, and the declaration was not filed until December 12th.   We held in *Bradby* v. *Wayne Circuit Judge,* 214 Mich. 142, that the declaration need not be filed before service of the writ but this does not excuse failure to serve the declaration with the writ.   The motion, however, is not to set aside the service but to quash the writ.

In the affidavit for the writ Mr. Larson set forth:

"That he makes this affidavit in his own behalf and that he has personal knowledge of the facts and circumstances as set forth in the affidavit.   *   *   *

"Affiant further says that afterwards and on or about to wit the 9th day of November, A. D. 1925, he discovered and was informed by veterinary advice and then and there knew that said cows were afflicted with the contagious disease," etc.

We must take this allegation as it reads, and may not say therefrom that affiant had no personal knowledge of the fact asserted.   While his personal knowledge could not be supported by advice of a veterinary surgeon yet the fact he inserted such corroboration

does not destroy his allegation of personal knowledge. We are unable to say that such knowledge might not have been possessed by the affiant, for his experience and skill may have been sufficient to enable him to properly diagnose the disease.    In the absence of a showing that affiant was not qualified to give competent evidence as to the diseased condition of the cattle the affidavit must be held good.

The writ is denied, with costs against plaintiff herein.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.